MURDOCK, Justice
(concurring specially).
As the main opinion notes, unlike most other types of cases, it is not uncommon for dependency “proceedings,” as they progress, to in fact generate more than one appealable order along the way. See 96 So.3d at 130 (“[Temporary custody orders are treated as final, appealable orders.”) (citing C.L. v. D.H., 916 So.2d 622, 625 (Ala.Civ.App.2005)).
C.L. is a case in which the trial court conducted a hearing and entered a custody award based on the evidence produced at that hearing. See C.L., 916 So.2d at 625 (“[T]he record and the juvenile court’s May 28 judgment fully indicate that it had already heard that evidence and was entering a judgment based thereon.”). As a result, the court in C.L. concluded that that judgment was appealable. Conversely, had an order been entered merely for the purpose of addressing the custody of the child pending the completion of the court’s hearing and the completion of its receipt of evidence as to the extant facts, the order by definition would have been a “pendente lite” order[2] and thus not ap-pealable. As the court in C.L. explained: “[T]he juvenile court’s judgment [did] not indicate that the purpose of [a subsequently scheduled] ‘review’ hearing would be to finish receiving evidence as to the extant facts.” C.L., 916 So.2d at 625.
In contrast, it is clear that “to finish receiving evidence as to the extant facts” was indeed the purpose of the continuation of the hearing in the present case. The juvenile judge made it clear that she was interrupting the hearing in order to allow the maternal grandparents to receive notice of the motion to intervene by the paternal grandfather; she scheduled the resumption of the hearing for a date three weeks later and announced that she would finish receiving the evidence at that time. She made it clear that, in the meantime, she was not making a custody award based on the evidence heard up to that point, but was merely maintaining in place the pen-dente lite custody arrangement ordered at an earlier date in this juvenile proceeding. I therefore agree that the order in ques *131 tion in this ease was not a judgment awarding custody such as would support an appeal.

. The phrase "pendente lite” is Latin for "while the action is pending.” Black’s Law Dictionary 1248 (9th ed.2009).